RIVERA, PLAINTIFF AND APPELLANT, *v.* RIBAS ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action for Damages.—Motion for Dismissal of Appeal.

No. 2459.—Decided January 15, 1923.

APPEAL—NOTICE OF APPEAL.—An appeal will not be dismissed on the ground that the notice of appeal was served on the attorney who appeared at the trial in representation of the defendants' attorney of record and not on the latter, when it appears from the transcript that the former attended the trial on behalf of the defendants and as such signed a stipulation which contains also the signature of the attorney who signed the answer.

ID.—TRANSCRIPT.—The clerk of the court below having sent up to the Supreme Court a copy of the transcript approved by the judge and certified to as correct by the attorneys for the parties, the authenticity of the document is clear and the appeal should not be dismissed on the ground that the original of the transcript of the evidence was not sent up as a part of the record.

The facts are stated in the opinion.

*Mr. L. Tormes* for the appellant.

*Messrs. José* and *Manuel Tous Soto* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

After the first hearing on this appeal the appellee moved for its dismissal for the following reasons:

"(*a*) Because notice of the appeal was given to attorney Ortiz Toro (page 10), who conducted the defense at the trial of the case in place of attorney Tous Soto, and not to the attorney of record of the defendants who entered their appearance and answered the complaint.

"(*b*) Because a copy of the transcript of the evidence was de-

livered to said attorney Ortiz Toro and not to the attorney of record, José Tous Soto (page 60).

"(c) Because not the *original* transcript of the evidence approved and signed by the trial judge, but only a copy of it, is included in the transcript of the record on appeal."

The motion comes too late, yet considering the questions so raised, we are of the opinion that there is no ground for dismissing the appeal. The following appears at page 10 of the transcript: "On March 16, 1921, this case was called for trial, * * * and the defendants appearing by attorney A. Ortiz Toro." At page 70 there appears a stipulation which begins as follows: "The parties herein appear by their respective attorneys and stipulate as follows: * * *," and among the signatures at the foot of the document are those of "José Tous Soto and Arturo Ortiz Toro, attorneys for the defendants." It does not appear that Ortiz Toro ceased to act as their attorney. That being the case, the notice of appeal and transcript of the evidence could be delivered to him effectively.

The following appears at the end of the transcript.

"*Approval of the Bill of Exceptions and Statement of the Case by the Judge of the District Court.*—I, R. Rivera Zayas, former Judge of the District Court for the Judicial District of Ponce, P. R., hereby certify: That I was the judge who presided at the trial of this case and rendered the judgment appealed from; that the foregoing transcript is a true and exact copy and I hereby approve it for inclusion in the judgment roll for the purposes of the appeal taken to the Supreme Court of Porto Rico.

"Given under my hand and the seal of the court on April 21, 1921—(Signed) R. Rivera Zayas, District Judge.

"*Stipulation.*—To the Hon. Court: The parties in this case now come by their respective attorneys and stipulate as follows:

"That the stenographic record (statement of the case) presented by the stenographer of this court for the purposes of the appeal taken by the plaintiff from the judgment in this case be approved as correct and true and that it be submitted for such approval to the Hon. Rafael R. Rivera Zayas, the judge who pre-

sided at the trial, the parties having no correction or amendment to make to said statement of the case.—Ponce, April 16, 1921.—(Signed) José Tous Soto and Arturo Ortiz Toro, attorneys for the defendants.—(Signed) Leopoldo Tormes, attorney for the plaintiff.

*"Certificate to the Transcript of the Record by the Attorneys for the Parties.*—We hereby certify: That the foregoing transcript is a true, exact and correct copy of the proceedings in this case, the said transcript consisting of —— pages typewritten on only one side. And for transmission to the Supreme Court of Porto Rico for the purposes of the appeal taken by the plaintiffs from the judgment of the District Court of Ponce dismissing the complaint, we issue this at Ponce, P. R., on April 25, 1921.—(Signed) José Tous Soto, Arturo Ortiz Toro, Attorneys for the Defendant-Appellees.—(Signed) Leopoldo Tormes, Attorney for the Plaintiff-Appellants.

"Received copy of this transcript of the record duly certified to by the attorney for the plaintiff-appellants this 25th day of April, 1921.—(Signed) José Tous Soto, Arturo Ortiz Toro, Attorneys for the Defendant-Appellees.

"I, Felipe Colón, Clerk of the District Court for the Judicial District of Ponce, P. R., hereby certify: That the foregoing transcript was delivered to me by the attorneys for both parties for transmission to the Supreme Court of Porto Rico in accordance with the law. Given under my hand and the seal of the court at Ponce, P. R., this 25th day of April, 1921.—(Signed) Felipe Colón, Clerk District Court."

The law now in force orders that the transcript approved by the judge shall be sent up to this court. In this case the judge approved the transcript. A copy of the document so approved was certified to as correct by the attorneys themselves and that copy so certified to was delivered to the clerk of the district court who officially sent it up to the Supreme Court.

The authenticity of the document, which is the essential feature, is clear. The motion for dismissal is overruled.

*Motion overruled.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.